IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

THERONE DANCE,

    Plaintiff,

v.

AMANDA F. WILLIAMS, Chief Judge;
DANTE HUDSON; ALVIN CAINE;
and DENISE O'NEAL,

    Defendants.

CIVIL ACTION NO.: CV210-010

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Robert L. Patten Detention Center in Lakeland, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520; Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10; Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff's allegations concern his criminal trial that occurred on April 16, 2009. Plaintiff asserts that Defendant Williams deprived Plaintiff of his rights when she found him guilty of testing positive for cocaine. Plaintiff asserts that Defendant Hudson failed in his duties as Plaintiff's criminal attorney. Plaintiff asserts that Defendants Caine and O'Neal violated his rights when they testified at his criminal trial that Plaintiff tested positive for cocaine.

Defendant's claim against Judge Williams is entirely improper and cannot be maintained. Judge Williams is entitled to absolute immunity from a civil suit under § 1983. Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). See also Stump v. Sparkman, 435 U.S. 349, 356 (1978) (holding judicial immunity doctrine applied in § 1983 actions).

AO 72A
(Rev. 8/82)

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000) (emphasis in original) (citation omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). There is no evidence that Defendant Hudson acted as an entity under color of law at any time, and thus, Plaintiff cannot sustain a cause of action against this named Defendant.

In general, the distinction between claims which may be brought under § 1983 and those which must be brought as habeas petitions is now reasonably well settled. Claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being exposed to an excessive amount of force, are § 1983 actions, not habeas actions. See, e.g., Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Habeas actions, in contrast, are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim

AO 72A
(Rev. 8/82)

must be brought as a habeas petition, not as a § 1983 claim. See, e.g., Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In other words,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 486-87, 114 S. Ct. at 2372-73 (emphasis in original). Based on this settled distinction, the claims at issue and the relief sought in Plaintiff's claim are far more analogous to those in habeas petitions rather than § 1983 actions.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a cognizable claim under § 1983.

SO REPORTED and RECOMMENDED, this 21st day of April, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE